UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONAT RICKETTS<br><br>                    Plaintiff,<br><br>v.<br><br>UNITED STATES COPYRIGHT OFFICES, et al.<br><br>                    Defendants. | Case No.:  20cv1966-LAB (BGS)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**ORDER OF DISMISSAL** |

Plaintiff Donat Ricketts filed this action bringing claims for copyright infringement, RICO, federal trademark infringement, and various state law causes of action. He did not pay the filing fee, but filed a motion to proceed *in forma pauperis* ("IFP").

**IFP Motion**

Ricketts' IFP motion provides only minimal information about his income and expenses. In addition to social security benefits, Ricketts says he receives unspecified income working for Posmates. He says he has no cash at all, and that he spends his entire take-home income on rent, utilities, gasoline, and hygiene products, without saying how much he spends on each, or how he obtains other necessities such as food and clothing. He lists his sole asset as a car worth around $6,000.  He says he has no dependents, and has debts of $6,300.

A plaintiff seeking leave to proceed IFP must state the facts in his affidavit "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). It is likely he could likely correct his motion to provide enough detailed information to show that he is entitled to proceed IFP if given the opportunity, but he has not done so yet.

**Venue**

As Plaintiff, the burden falls on Ricketts to show that venue is proper in this District. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Although the complaint says Ricketts is raising claims under RICO, the Lanham Act, and possibly some other federal law, the only federal claim he has pled with any clarity and sought relief for is his claim for infringement of his federal copyrights. All other claims either arise under state law or are non-cognizable.

In federal copyright infringement suits, proper venue is not determined by the general provision governing suits in the federal district courts, but rather by the venue provision of the Copyright Act, 28 U.S.C. § 1400(a); *Lumiere v. Mae Edna Wilder, Inc.*, 261 U.S. 174, 176 (1923). Under § 1400(a), "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). For venue purposes, defendants are "found" in a district where, if the district were treated as a separate state, they would be subject to personal jurisdiction. *See Incredible Features, Inc. v. BackChina, LLC*, ___ F. Supp. 3d ___, 2020 WL 4727288 at *1 (C.D. Cal., Aug. 3, 2020).

Ricketts' state law claims are subject to the ordinary venue provisions of 28 U.S.C. § 1391, however. *See Allstar Marketing Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1127—28 (C.D. Cal., 2009).

/ / /

The complaint does not allege that any Defendant resides or can be found in this District. Rather, all Defendants are from either Los Angeles or other states. Nothing in the complaint suggests they directed their actions towards this District. Rather, all the actions giving rise to Ricketts' claims occurred in and around Los Angeles, in the Central District, or possibly in other districts where Defendants are located. The only connection between Ricketts' claims and this District seems to be that Ricketts lives here. Venue is therefore not proper in this District under either § 1400(a) or § 1391.

Provided improper venue has not been waived, the Court can raise the issue and dismiss or transfer for improper venue *sua sponte*. *See generally Costlow v. Weeks*, 790 F.2d 1486 (9th Cir. 1986). Leave to proceed IFP has not been granted and the mandatory screening required under 28 U.S.C. §§ 1915A and 1915(e)(2) has not been done yet. Transferring a case where no filing fee has been paid and where IFP status has not been granted would run counter to the interests of justice. The Court therefore determines that dismissal without prejudice is appropriate.

**Conclusion and Order**

The motion to proceed IFP is **DENIED WITHOUT PREJUDICE**. This action is **DISMISSED WITHOUT PREJUDICE**. Nothing in this order prevents Ricketts from refiling this action in a court where venue is proper.

**IT IS SO ORDERED**.

Dated:  October 26, 2020

_____
Honorable Larry Alan Burns
Chief United States District Judge